UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,     )<br>          Plaintiff,     )<br>                               )<br>     v.                        )<br>                               )<br>SHIH-MING SHIUE                )<br>          Defendant.    )   | CRIMINAL NO. 05-10021-NMG |

**UNITED STATES' MOTION FOR ISSUANCE OF A
PRELIMINARY ORDER OF FORFEITURE AND MONEY JUDGMENT**

The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves that this Court issue a Preliminary Order of Forfeiture and a Money Judgment in the above-captioned case pursuant to 18 U.S.C. §982, and Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. A proposed Preliminary Order of Forfeiture and an order for a Money Judgment are submitted herewith. In support thereof, the United States sets forth the following:

1.   On or about November 20, 2003, a federal grand jury sitting in the Northern District of Illinois Eastern Division returned a ten-count Indictment charging defendants Shih-Ming Shiue (the "Defendant"), and I-Hwa Shiue[1], with Conspiracy to Commit Offence or to Defraud United States, in violation of 18 U.S.C. §371, and Aiding and Abetting, in violation of 18 U.S.C. §2 (Count

---

[1] Pursuant to Rule 20(a) the Defendant, I-Hwa Shiue is no longer under this Court's jurisdiction, and has been remanded to the Northern District of Illinois.

1

One); Entry of Goods by Means of False Statements, in violation of 18 U.S.C. §542, and Aiding and Abetting, in violation of 18 U.S.C. §2 (Counts Two through Seven, Nine and Ten), Bribery of Public Officials and Witnesses, in violation of 18 U.S.C. §201(b)(1), and Aiding and Abetting, in violation of 18 U.S.C. §2 (Count Eight).

2. The Indictment also contained a Criminal Forfeiture Allegation, which, as a result of the Defendant committing one or more of the offenses alleged in Counts One through Seven, Nine and Ten of the Indictment, sought the forfeiture, pursuant to 18 U.S.C. §982(a)(2)(B) of any property that constitutes, or is derived from, to proceeds obtained, directly or indirectly, from the charged offenses, specifically including, but not limited to approximately $29,000,000,[2]

3. The Criminal Forfeiture Allegation of the Indictment also provided that, if the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeiture of substitute

---

[2] The amount $29,000,000 represented the approximate total value of the Chinese-made brake rotors, illegally imported by the Defendant.

property of the Defendant, under the provisions of 21 U.S.C. §853(p), as incorporated by 18 U.S.C. §982(b)(1).

4. Pursuant to Rule 20, on or around February 1, 2005, this case was transferred from the Northern District of Illinois to the the District of Massachusetts.

5. On or about October 28, 2005, pursuant to a written plea agreement, the Defendant pleaded guilty to Counts One through Ten of the Indictment. In his plea agreement the Defendant agreed he would forfeit to the United States $5,065,000 on the ground that these assets constituted proceeds of the Defendant's unlawful activity. The Defendant also agreed that, if the directly forfeitable assets were not available, the United States was entitled to forfeit, pursuant to 21 U.S.C. §853(p), as incorporated by 18 U.S.C. §(b)(1), substitute assets, up to the value of the directly forfeitable assets.

6. By virtue of the Defendant's guilty plea and conviction, and pursuant to 18 U.S.C. §982(a)(2)(B) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against any and all forfeitable assets, or substitute assets of the Defendant's in a value up to $5,065,000. See Rule 32.2(b)(2); 21 U.S.C. §853(p); United States v. Candelaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999).

7. An order of forfeiture may take several forms, including an order for a money judgment, directly forfeitable property, and

substitute assets.  The entry of an Order of Forfeiture in the form of a money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure.  See United States v. Hall, 2006 WL 60959, *10 (1st Cir. Jan. 12, 2006)(holding that a money judgment for the total value of the ill-gotten proceeds is appropriate regardless whether the proceeds of the defendant's crime are still in his possession.).  Such orders of forfeiture are commonplace.  In this case, the United States is entitled to a money judgment for $5,065,000.

8.   The United States has, at this point, not identified any directly forfeitable assets of the defendant.  However, the United States has identified a forfeitable substitute asset belonging to the Defendant, specifically:

> a.   All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 41 Fairbanks Road, Lexington, Massachusetts, as more fully described as lot 333 on plan number 6962-15, in the deed recorded at the South Middlesex County Registry of Deeds, book 1069, page 16 in the name of Shih Ming Shiue (the "41 Fairbanks Road Property");

9.   Upon the issuance of a Preliminary Order of Forfeiture for the Substitute Asset, the 41 Fairbanks Road Property, and pursuant to 21 U.S.C. §853 and FRCP 32.2, the United States Immigration and Customs Enforcement, Department of Homeland Security will publish at least once for three successive weeks in

a newspaper of general circulation, notice of this Order, including notice of the United States' intent to dispose of the Substitute Asset, the 41 Fairbanks Road Property, in such manner as the Attorney General may direct.  The United States will state in this notice that any person, other than the Defendant, having or claiming a legal interest in the Substitute Asset, the 41 Fairbanks Road Property, must file a petition with the Court (and serve a copy on the United States Attorney) within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Asset, the 41 Fairbanks Road Property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the 41 Fairbanks Road Property, and any additional facts supporting the petitioner's claim and relief sought.

10.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the 41 Fairbanks Road Property, that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

11. Pursuant to 21 U.S.C. §853, following the Court's disposition of all petitions filed, or if no such petitions are

filed following the expiration of the period provided for the filing of such petitions, the United States of America shall have clear title to the Substitute Asset, the 41 Fairbanks Road Property, and this Court will enter a Final Order of Forfeiture pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.[3]

WHEREFORE, the United States respectfully moves that this Court enter a Preliminary Order of Forfeiture for the Substitute Asset, 41 Fairbanks Road, Lexington, Massachusetts and a Money Judgment of $5,065,000 in the form submitted herewith.

                                                Respectfully submitted,

                                                MICHAEL J. SULLIVAN
                                                United States Attorney,

                                                /s/ JENNIFER H. ZACKS
                                                HEIDI E. BRIEGER
                                                JENNIFER H. ZACKS
                                                Assistant U.S. Attorneys
                                                United States Courthouse
                                                Suite 9200
                                                1 Courthouse Way
                                                Boston, MA 02210
                                                (617) 748-3100

Date: February 2, 2006

---

[3] Of course, if the 41 Fairbanks Road Property is forfeited to the United States and, ultimately, sold, the net proceeds received by the United States from the sale would be subtracted from the money judgment owed by the Defendant.

**CERTIFICATE OF SERVICE**

    I, Jennifer H. Zacks, Assistant U.S. Attorney, hereby certify that a true copy of the foregoing United States' Motion for a Preliminary Order of Forfeiture and Money Judgment, as well as a proposed Order were filed by the Electronic Court Filing System (ECF) and I have served a true copy of the foregoing, on Geoffrey E. Hobart, Esquire, as counsel for Defendant Shih-Ming Shiue, 1201 Pennsylvania Avenue, Washington, DC 20004-2401, by first class mail, postage prepaid and by facsimile transmission.

                                              /s/ JENNIFER H. ZACKS
                                              JENNIFER H. ZACKS
                                              Assistant U.S. Attorney

Date: February 2, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>        Plaintiff,    )<br>                         )<br>    v.                      )<br>                         )<br>SHIU-MING SHIUE           )<br>        Defendant.    ) | CR-05-10021-NMG |

**<u>MONEY JUDGMENT</u>**

**GORTON, D.J.**,

WHEREAS, On or about November 20, 2003, a federal grand jury sitting in the Northern District of Illinois Eastern Division returned a ten-count Indictment charging Shih-Ming Shiue (the "Defendant"), and I-Hwa Shiue[1], with Conspiracy to Commit Offence or to Defraud United States, in violation of 18 U.S.C. §371, and Aiding and Abetting, in violation of 18 U.S.C. §2 (Count One); Entry of Goods by Means of False Statements, in violation of 18 U.S.C. §542, and Aiding and Abetting, in violation of 18 U.S.C. §2 (Counts Two through Seven, Nine and Ten), Bribery of Public Officials and Witnesses, in violation of 18 U.S.C. §201(b)(1), and Aiding and Abetting, in violation of 18 U.S.C. §2 (Count Eight);

AND WHEREAS, the Indictment contained a criminal forfeiture allegation seeking the forfeiture, pursuant to 18 U.S.C. 982(a)(2)(B), as a result of committing the offenses alleged in Counts One through Ten of the Indictment, of any and all property

---

[1] Pursuant to Rule 20(a), I-Hwa Shiue is no longer under this Court's jurisdiction, and has been remanded to the Northern District of Illinois.

constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses, specifically including, but not limited to, approximately $29,000,000;

AND WHEREAS, on or about February 1, 2005, this case was transferred to the District of Massachusetts, and, on or about October 25, 2005, pursuant to a written plea agreement, the Defendant, Shih-Ming Shiue pled guilty to Counts One through Ten of the Indictment and agreed that the Defendant would forfeit to the United States $5,065,000 on the grounds that these assets constituted proceeds of the Defendant's unlawful activity;

AND WHEREAS, based on the Defendant's guilty plea and the written plea agreement, the United States is seeking a personal money judgment against the Defendant in the amount of $5,065,000;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED and DECREED:

1. Based on the Defendants' guilty plea and the written plea agreement, the United States' Motion for Entry of a money judgment in the amount of $5,065,000 against the Defendant is ALLOWED.[2]

2. Pursuant to 21 U.S.C. §853(m) and Rule 32.2(b)(3), the United States is hereby authorized to conduct discovery in order to facilitate the identification and location of any and all assets subject to forfeiture, as a result of the Defendant's guilty plea.

---

[2] The United States, in a simultaneously-filed motion, is seeking a Preliminary Order of Forfeiture for a substitute asset, 41 Fairbanks Road, Lexington, Massachusetts("the 41 Fairbanks Road Property."). Of course, if the 41 Fairbanks Road Property is forfeited to the United States and, ultimately, sold, the net proceeds received by the United States from the sale would be subtracted from the money judgment owed by the Defendant.

3.   In the event that assets are identified which are subject to forfeiture pursuant to 21 U.S.C. §853(p), the United States will seek an amended Order and conduct ancillary proceedings pursuant to 21 U.S.C. §853(n) and Rule 32.2(e).

4.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, this money judgment shall become final as to the Defendant at the time of sentencing, or at any time before sentencing if the Defendants consent, and must be made a part of the sentence and included in the judgment.

5.   This Court shall retain jurisdiction to enforce this order and to amend it as necessary pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

_____
NATHANIEL M. GORTON
United States District Judge

Date:

```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,   )
          Plaintiff,        )
                            )
     v.                     )  CRIMINAL NO. 05-10021-NMG
                            )
SHIH-MING SHIUE,            )
          Defendant.        )
```

**PRELIMINARY ORDER OF FORFEITURE**

**GORTON, D.J.**,

WHEREAS, On or about November 20, 2003, a federal grand jury sitting in the Northern District of Illinois Eastern Division returned a ten-count Indictment charging Shih-Ming Shiue (the "Defendant"), and I-Hwa Shiue[1], with Conspiracy to Commit Offence or to Defraud United States, in violation of 18 U.S.C. §371, and Aiding and Abetting, in violation of 18 U.S.C. §2 (Count One); Entry of Goods by Means of False Statements, in violation of 18 U.S.C. §542, and Aiding and Abetting, in violation of 18 U.S.C. §2 (Counts Two through Seven, Nine and Ten), Bribery of Public Officials and Witnesses, in violation of 18 U.S.C. §201(b)(1), and Aiding and Abetting, in violation of 18 U.S.C. §2 (Count Eight);

AND WHEREAS, the Indictment also included a Forfeiture Allegation, which, as a result of the Defendant committing one or more of the offenses alleged in Counts One through Seven, Nine and Ten of the Indictment, sought the forfeiture, pursuant to 18 U.S.C. §982(a)(2)(B) of any property that constitutes, or is derived from, to proceeds obtained, directly or indirectly, from the charged

---

[1] Pursuant to Rule 20(a) the Defendant, I-Hwa Shiue is no longer under this Court's jurisdiction, and has been remanded to the Northern District of Illinois.

offenses, specifically including, but not limited to approximately $29,000,000,;

AND WHEREAS, the Criminal Forfeiture Allegation of the Indictment specifically provided that, if the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeiture of substitute property of the Defendant, under the provisions of 21 U.S.C. §853(p), as incorporated by 18 U.S.C. §982(b)(1);

AND WHEREAS, on or about February 1, 2005, this case was transferred to the District of Massachusetts and on or about October 28, 2005, pursuant to a written plea agreement, the Defendant pleaded guilty to Counts One through Ten of the Indictment.  In his plea agreement the Defendant agreed he would forfeit to the United States $5,065,000 on the ground that these assets constituted proceeds of the Defendant's unlawful activity;

AND WHEREAS, the Defendant, in his written plea agreement, also agreed to the forfeiture of substitute assets pursuant to 21 U.S.C. §853(p), as incorporated by 18 U.S.C. §982, and Rule 32.2 of the Federal Rules of Criminal Procedure.

AND WHEREAS, by virtue of the Defendant's guilty plea and pursuant to 18 U.S.C. §982, and Rule 32.2 of the Federal Rules of

Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the $5,065.000, or substitute assets in a value up to the amount of $5,065,000. See Rule 32.2(b)(@): United States v. Candalaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999);

AND WHEREAS, The United States has, at this point, not identified any directly forfeitable assets of the Defendant. However, the United States has identified a forfeitable substitute asset belonging to the Defendant, specifically:

> a. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 41 Fairbanks Road, Lexington, Massachusetts, as more fully described as lot 333 on plan number 6962-15, in the deed recorded at the South Middlesex County Registry of Deeds, book 1069, page 16 in the name of Shih Ming Shiue (the "41 Fairbanks Road Property");

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The United States' Motion for Entry of a Preliminary Order of Forfeiture of the 41 Fairbanks Road Property is ALLOWED.

2. The United States is hereby authorized to seize the 41 Fairbanks Road Property, and the Defendant's interest in the 41 Fairbanks Road Property is hereby forfeited to the United States of America for disposition, pursuant to the provisions of 21 U.S.C. §853;

3. Pursuant to 21 U.S.C. 853 and FRCP 32.2, the United States shall publish at least once for three successive weeks in a

newspaper of general circulation, notice of this Order and of the United States' intent to dispose of the 41 Fairbanks Road Property in such manner as the Attorney General may direct.

  4. Pursuant to 21 U.S.C. §853, the Government may also, to the extent practicable, provide written notice to any person known to have alleged an interest in the 41 Fairbanks Road Property that is the subject of this Preliminary Order of Forfeiture:

  5. Pursuant to 21 U.S.C. §853, the notice referred to above shall state: (a) any person, other than the Defendant, asserting a legal interest in the 41 Fairbanks Road Property may, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the 41 Fairbanks Road Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest, any additional facts supporting the petitioner's claim, and the relief sought.

  6. Pursuant to 21 U.S.C. §853, following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided for the filing of such petitions, the United States of America shall have clear title to the 41 Fairbanks Road Property

and this Court will enter a Final Order of Forfeiture pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

7.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing, or at any time before sentencing if the Defendant consents, and must be made a part of the sentence and included in the oral pronouncement and the written judgment.

8.   This Court shall retain jurisdiction to enforce this order and to amend it as necessary pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

_____
NATHANIEL M. GORTON
United States District Judge

Date: