UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>           Plaintiff,<br><br>v.<br><br>SHIH-MING SHIUE,<br>           Defendant. | )<br>)<br>)<br>)   CRIMINAL NO. 05-10021-NMG<br>)<br>)<br>)<br>) |

**PRELIMINARY ORDER OF FORFEITURE**

**GORTON, D.J.,**

WHEREAS, On or about November 20, 2003, a federal grand jury sitting in the Northern District of Illinois Eastern Division returned a ten-count Indictment charging Shih-Ming Shiue (the "Defendant"), and I-Hwa Shiue[1], with Conspiracy to Commit Offence or to Defraud United States, in violation of 18 U.S.C. §371, and Aiding and Abetting, in violation of 18 U.S.C. §2 (Count One); Entry of Goods by Means of False Statements, in violation of 18 U.S.C. §542, and Aiding and Abetting, in violation of 18 U.S.C. §2 (Counts Two through Seven, Nine and Ten), Bribery of Public Officials and Witnesses, in violation of 18 U.S.C. §201(b)(1), and Aiding and Abetting, in violation of 18 U.S.C. §2 (Count Eight);

AND WHEREAS, the Indictment also included a Forfeiture Allegation, which, as a result of the Defendant committing one or more of the offenses alleged in Counts One through Seven, Nine and Ten of the Indictment, sought the forfeiture, pursuant to 18 U.S.C. §982(a)(2)(B) of any property that constitutes, or is derived from, to proceeds obtained, directly or indirectly, from the charged

---

[1] Pursuant to Rule 20(a) the Defendant, I-Hwa Shiue is no longer under this Court's jurisdiction, and has been remanded to the Northern District of Illinois.

offenses, specifically including, but not limited to approximately $29,000,000,;

AND WHEREAS, the Criminal Forfeiture Allegation of the Indictment specifically provided that, if the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeiture of substitute property of the Defendant, under the provisions of 21 U.S.C. §853(p), as incorporated by 18 U.S.C. §982(b)(1);

AND WHEREAS, on or about February 1, 2005, this case was transferred to the District of Massachusetts and on or about October 28, 2005, pursuant to a written plea agreement, the Defendant pleaded guilty to Counts One through Ten of the Indictment. In his plea agreement the Defendant agreed he would forfeit to the United States $5,065,000 on the ground that these assets constituted proceeds of the Defendant's unlawful activity;

AND WHEREAS, the Defendant, in his written plea agreement, also agreed to the forfeiture of substitute assets pursuant to 21 U.S.C. §853(p), as incorporated by 18 U.S.C. §982, and Rule 32.2 of the Federal Rules of Criminal Procedure.

AND WHEREAS, by virtue of the Defendant's guilty plea and pursuant to 18 U.S.C. §982, and Rule 32.2 of the Federal Rules of

Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the $5,065.000, or substitute assets in a value up to the amount of $5,065,000. See Rule 32.2(b)(@): United States v. Candalaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999);

AND WHEREAS, The United States has, at this point, not identified any directly forfeitable assets of the Defendant. However, the United States has identified a forfeitable substitute asset belonging to the Defendant, specifically:

   a.  All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 41 Fairbanks Road, Lexington, Massachusetts, as more fully described as lot 333 on plan number 6962-15, in the deed recorded at the South Middlesex County Registry of Deeds, book 1069, page 16 in the name of Shih Ming Shiue (the "41 Fairbanks Road Property");

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The United States' Motion for Entry of a Preliminary Order of Forfeiture of the 41 Fairbanks Road Property is ALLOWED.

2. The United States is hereby authorized to seize the 41 Fairbanks Road Property, and the Defendant's interest in the 41 Fairbanks Road Property is hereby forfeited to the United States of America for disposition, pursuant to the provisions of 21 U.S.C. §853;

3. Pursuant to 21 U.S.C. 853 and FRCP 32.2, the United States shall publish at least once for three successive weeks in a

newspaper of general circulation, notice of this Order and of the United States' intent to dispose of the 41 Fairbanks Road Property in such manner as the Attorney General may direct.

4. Pursuant to 21 U.S.C. §853, the Government may also, to the extent practicable, provide written notice to any person known to have alleged an interest in the 41 Fairbanks Road Property that is the subject of this Preliminary Order of Forfeiture:

5. Pursuant to 21 U.S.C. §853, the notice referred to above shall state: (a) any person, other than the Defendant, asserting a legal interest in the 41 Fairbanks Road Property may, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the 41 Fairbanks Road Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest, any additional facts supporting the petitioner's claim, and the relief sought.

6. Pursuant to 21 U.S.C. §853, following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided for the filing of such petitions, the United States of America shall have clear title to the 41 Fairbanks Road Property

and this Court will enter a Final Order of Forfeiture pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

    7.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing, or at any time before sentencing if the Defendant consents, and must be made a part of the sentence and included in the oral pronouncement and the written judgment.

    8.   This Court shall retain jurisdiction to enforce this order and to amend it as necessary pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

                                         /s/ Nathaniel M. Gorton
                                         NATHANIEL M. GORTON
                                         United States District Judge

Date: 2/13/06