

FILED
IN CLERKS OFFICE
2006 JUN 19 P 3:04
U.S. DISTRICT COURT
DISTRICT OF MASS.

**Department of the Treasury**

*Federal Law Enforcement Agencies*

# PROCESS RECEIPT AND RETURN

| PLAINTIFF<br>**UNITED STATES OF AMERICA** | COURT CASE NUMBER<br>CR-05-10021-NMG |
|---|---|
| DEFENDANT<br>Shih-Ming Shiue (Defendant) | TYPE OF PROCESS<br>PRELIMINARY ORDER OF FORFEITURE AND MONEY JUDGMENT |

| **SERVE AT** | Name Of Individual,Company,Corporation,Etc. to Serve or Description of Property to Seize<br>PUBLICATION |
|---|---|
| | Address (Street or RFD / Apt. # / City, State, and Zip Code) |

| Send NOTICE OF SERVICE copy to Requester: | | |
|---|---|---|
| KRISTINA E. BARCLAY<br>ASSISTANT U.S. ATTORNEY<br>OFFICE OF THE UNITED STATES ATTORNEY<br>John Joseph Moakley Federal Courthouse<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210 | Number Of Process To Be Served In This Case. | |
| | Number Of Parties To Be Served In This Case. | |
| | Check Box If Service Is On USA | |

SPECIAL INSTRUCTIONS or OTHER INFORMATION TO ASSIST IN EXPEDITING SERVICE (includes Business and Alternate Addresses, Phone Numbers, and Estimated Availability times.)

Please publish a copy of the attached Notice of Forfeiture at least once per week for three successive weeks in the Boston Herald or any other newspaper having a general circulation in this District, in accordance with the attached Preliminary Order of Forfeiture and applicable law

JLJ xt 3297

| Signature of Attorney or other Originator requesting service on behalf of<br>Kristina E. Barclay, Assistant U.S. Attorney | [ X ]Plaintiff<br>[ ]Defendant | Telephone No.<br>(617) 748-3100 | Date<br>Mar 13, 2006 |
|---|---|---|---|
| SIGNATURE OF PERSON ACCEPTING PROCESS: | | | Date |

**SPACE BELOW FOR USE OF TREASURY LAW ENFORCEMENT AGENCY**

| I acknowledge receipt for the Total # of Process Indicated. | District of Origin No. ____ | District to Serve No. ____ | SIGNATURE OF AUTHORIZED TREASURY AGENCY OFFICER: | Date |
|---|---|---|---|---|

I hereby Certify and Return That I [ ] PERSONALLY SERVED, [ ] HAVE LEGAL EVIDENCE OF SERVICE, [X] HAVE EXECUTED AS SHOWN IN "REMARKS", the Process Described on the Individual, Company, Corporation, Etc., At The Address Shown Above or at the Address Inserted Below.

[ ] I HEREBY CERTIFY AND RETURN THAT I AM UNABLE TO LOCATE THE INDIVIDUAL, COMPANY, CORPORATION, ETC. NAMED ABOVE.

| NAME & TITLE of Individual Served If not shown above: | [ ] A Person of suitable age and discretion then residing in the defendant's usual place of abode. | |
|---|---|---|
| ADDRESS: (Complete only if different than shown above.) | Date of Service<br>PLEASE SEE REMARKS BELOW<br>Please See Remarks | Time of Service<br>[ ] AM<br>[ ] PM |
| | Signature, Title and Treasury Agency<br>Stephen P. Leonard, Forfeitures Officer<br>U.S. Customs and Border Protection | |

**REMARKS:**

Notice was published as directed above in the Boston Herald newspaper on March 23, March 30 and April 06, 2006. Copy of Publisher's Certificate ~~attached.~~ will be submitted as soon as received from Herald newspaper. Copies of pages from newspaper publication attached.

TD F 90-22.48 (6/96)

☐ RETURN TO COURT ☐ FOR CASE FILE ☐ LEAVE AT PLACE OF SERVICE ☐ FILE COPY

copy thereof ... or before said day.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiffs which arise out of the transaction or occurrence that is the subject matter of the plaintiffs' claim or you will thereafter be barred from making such claim in any other action.

It is ORDERED that notice be given by publishing a copy of this order one time in the Boston Herald, a newspaper published in the County of Suffolk, one month at least before the first day of May.

Witness, KARYN F. SCHEIER, CHIEF JUSTICE, of the Land Court, the seventeenth day of March, 2006.

Deborah J. Patterson, Recorder.
A TRUE COPY, ATTEST:
Anne Marie Breuer, Deputy Recorder.

Mar 30

**400 Legal Notice** | **400 Legal Notice**



## LEGAL NOTICE REQUEST FOR QUALIFICATIONS

The **MASSACHUSETTS PORT AUTHORITY** is soliciting professional consulting services for **MPA CONTRACT NO. TP0701-S1, TOBIN BRIDGE CONSULTING SERVICES, CHELSEA - CHARLESTOWN, MASSACHUSETTS.** The Authority is seeking a qualified consultant to provide professional engineering services on an on call as needed basis to requests which develop and are presently beyond the capacity of the Authority's technical resources. The Consultant must be able to provide specialized professional engineering services on short notice in order to address minor and/or emergency issues, which develop at the bridge. The Consultant shall have a demonstrated expertise in traffic, civil, and structural engineering.

The scope of work shall include but shall not be limited to inspection, evaluation and technical analysis of selected areas of the bridge. The Consultant shall be responsible for preparing reports, plans and specifications, and cost estimates for various bridge repairs. The Consultant shall also be responsible for preparing bid documents in accordance with Massachusetts's public bidding laws.

The Consultant's fee shall be negotiated; however, the total fee shall not exceed $150,000 for a term of 2 years.

Each submission shall include Architect/Engineer & Related Services questionnaire SF330 with the appropriate number of Part II's. **SINCE MASSPORT IS NOW REQUIRING THE SF330, PLEASE NOTE THAT THE SF254 and SF255 FORMS WILL NO LONGER BE ACCEPTED.** MBE/WBE Certification of the prime or any subconsultants shall be current at the time of submittal and the Consultant shall provide a copy of the MBE/WBE certification letter from the State Office of Minority and Women Business Assistance (SOMWBA).

The Consultant's submission shall be evaluated based on the following criteria: (1) current relevant experience for similar projects; (2) experience, geographic location and availability of the Project manager and other key personnel to be assigned to the project; (3) experience and expertise of any subconsultants; (4) familiarity with relevant Massport facility; (5) experience with Massachusetts public bidding requirements; (6) MBE/WBE and affirmative action efforts; (7) level of work of key personnel assigned to the project; (8) current level of work with the Authority; (9) cost management capabilities; and (10) past performance for the Authority.

The selection shall involve a two-step process including the shortlisting of a minimum of three firms based on an evaluation of the Statements of Qualifications received in response to this solicitation followed immediately by a final selection by the Authority. By responding to this solicitation, consultants agree to accept the terms and conditions of the Authority's standard professional services agreement. A sample of its standard agreement may be found on the Authority's web page at www.massport.com.

Submissions shall be printed on both sides of the sheet (8 1/2" x 11"). Ten (10) copies of a bound document each limited to: 1) an SF 330 including the appropriate number of Part II's and 2) no more than 5 sheets (10 pages) of other relevant material including a cover letter but not including covers and dividers shall be addressed to Carl Sciple, Acting Director of Capital Programs and received no later than **12:00 Noon** on **Thursday, April 27, 2006**, at the Massachusetts Port Authority, Logan Office Center, Capital Programs Department, One Harborside Drive, Suite 209S, East Boston, MA 02128. Any submission that exceeds the page limit set here or that is not received by the Capital Programs Department in a timely manner shall be rejected by the Authority as non-responsive.

Please direct questions relative to your submission only to Susan Brace at (617) 568-5961.

**MASSACHUSETTS PORT AUTHORITY**
**Craig P. Coy**
**CEO and Executive Director**


**Downtown to your town.**





44A through 44J inclusive, Chapter 149 of the General Laws of the Commonwealth of Massachusetts.

A proposal guaranty shall be submitted with each General Bid consisting of a bid deposit for five (5) percent of the value of the bid; when sub-bids are required, each must be accompanied by a deposit equal to five (5) percent of the sub-bid amount, in the form of a bid bond, or cash, or a certified check, or a treasurer's or a cashier's check issued by a responsible bank or trust company, payable to the Massachusetts Port Authority in the name of which the Contract for the work is to be executed. The bid deposit shall be (a) in a form satisfactory to the Authority, (b) with a surety company qualified to do business in the Commonwealth and satisfactory to the Authority, and (c) conditioned upon the faithful performance by the principal of the agreements contained in the bid.

The successful Bidder will be required to furnish a performance bond and a labor and materials payment bond, each in an amount equal to 100% of the Contract price. The surety shall be a surety company or securities satisfactory to the Authority. Attention is called to the minimum rate of wages to be paid on the work as determined under the provisions of Chapter 149, Massachusetts General Laws, Section 26 to 27G, inclusive, as amended. The Contractor will be required to pay minimum wages in accordance with the schedules listed in Division II, Special Provisions of the Specifications, which wage rates have been predetermined by the U. S. Secretary of Labor and /or the Commissioner of Labor and Industries of Massachusetts, whichever is greater.

The successful Bidder will be required to purchase and maintain Bodily Injury Liability Insurance and Property Damage Liability Insurance for a combined single limit of $1,000,000. Said policy shall be on an occurrence basis and the Authority and the City of Worcester shall be included as an Additional Insured. See the insurance sections of Division I, General Requirements and Division II, Special Provisions for complete details.

Return of bid deposits will be in accordance with the provisions of the above cited General Laws.

No filed sub-bids will be required for this contract.

This Contract is also subject to Affirmative Action requirements of the Massachusetts Port Authority contained in the Non-Discrimination and Affirmative Action article of Division I, General Requirements and Covenants, and to the Secretary of Labor's Requirement for Affirmative Action to Ensure Equal Opportunity and the Standard Federal Equal Opportunity Construction Contract Specifications (Executive Order 11246).

The General Contractor is required to submit a Certification of Non-Segregated Facilities prior to award of the Contract, and to notify prospective subcontractors of the requirement for such certification where the subcontract exceeds $10,000.

A Contractor having fifty (50) or more employees and his subcontractors having fifty (50) or more employees who may be awarded a subcontract of $50,000 or more will, within one hundred twenty (120) days from the contract commencement, be required to develop a written affirmative action compliance program for each of its establishments.

Compliance Reports - Within thirty (30) days of the award of this Contract the Contractor shall file a compliance report (Standard Form [SF 100]) if:

(a) The Contractor has not submitted a complete compliance report within twelve (12) months preceding the date of award, and

(b) The Contractor is within the definition of "employer" in Paragraph 2c(3) of the instructions included in SF100.

The contractor shall require the subcontractor on any first tier subcontracts, irrespective of the dollar amount, to file SF 100 within thirty (30) days after the award of the subcontracts, if the above two conditions apply. SF 100 will be furnished upon request. SF 100 is normally furnished Contractors annually, based on a mailing list currently maintained by the Joint Reporting Committee. In the event a contractor has not received the form, he may obtain it by writing to the following address:

Joint Reporting Committee
1800 G Street
Washington, DC 20506

Complete information and authorization to view the site may be obtained from the Capital Programs Department Office at the Massachusetts Port Authority. The right is reserved to waive any informality in or reject any or all proposals.

**MASSACHUSETTS PORT AUTHORITY**
**CRAIG P. COY**
**CEO AND EXECUTIVE DIRECTOR**

**405 Legal Notice** | **405 Legal Notice**

### LICENSING BOARD FOR THE CITY OF BOSTON

March 28, 2006

As required by law, notice is hereby given that Arbor Partners, Inc. d/b/a "Cafe D", 711 Centre Street, Jamaica Plain, MA 02130, holder of a C.V. 7-Day Malt and Wine w/Liqueurs License, has petitioned to extend the closing hour of the licensed business from 11:00 P.M. to 1:00 A.M.

Hearing: Wednesday, April 12, 2006, 10:00 A.M., William F. Arrigal, Jr., Library, Room 809A, New City Hall, Boston. For the Board, By its Secretary, JEAN M. LORIZIO.

Mar 30


**Sense of Style.**

Jill Radsken every Thursday
in the Boston Herald.


... a deed from the Suburban Realty Corporation to the to the New England Telephone and Telegraph Company dated February 9, 1929, recorded with said Deeds, Book 5077, Page 96.

Said land is subject to a taking by the City of Boston for highway purposes in said Safford Street under order dated August 22, 1956, filed and registered as Document No. 225497.

For grantor(s) title, see Certificate of Title No. 110400, Doc. #534964, Book 547, Page 200.

For mortgagor's title see deed registered with Suffolk County Registry District of the Land Court as Document No. 534964, as noted on Certificate of Title No. 110400.

These premises will be sold and conveyed subject to and with the benefit of all rights, rights of way, restrictions, easements, covenants, liens or claims in the nature of liens, improvements, public assessments, any and all unpaid taxes, tax titles, tax liens, water and sewer liens and any other municipal assessments or liens or existing encumbrances of record which are in force and are applicable, having priority over said mortgage, whether or not reference to such restrictions, easements, improvements, liens or encumbrances is made in the deed.

TERMS OF SALE:

A deposit of Five Thousand ($5,000.00) Dollars by certified or bank check will be required to be paid by the purchaser at the time and place of sale. The balance is to be paid by certified or bank check at Harmon Law Offices, P.C., 150 California Street, Newton, Massachusetts 02458, or by mail to P.O. Box 610389, Newton Highlands, Massachusetts 02461-0389, within thirty (30) days from the date of sale. Deed will be provided to purchaser for recording upon receipt in full of the purchase price. The description of the premises contained in said mortgage shall control in the event of an error in this publication.

Other terms, if any, to be announced at the sale.

JPMORGAN CHASE BANK, AS TRUSTEE
FOR SPECIALTY UNDERWRITING
AND RESIDENTIAL FINANCE TRUST,
MORTGAGE LOAN ASSET-BACKED
CERTIFICATES, SERIES 2004-BC2
Present holder of said mortgage
By its Attorneys,
HARMON LAW OFFICES, P.C.
Rachelle D. Willard, Esquire
150 California Street
Newton, MA 02458
(617) 558-0500

Mar 16, 23, 30

**400 Legal Notice** | **400 Legal Notice**

### UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

### NOTICE OF ORDER OF FORFEITURE

Criminal Case No. 05-10021-NMG

United States of America, District of Massachusetts, at Boston, Massachusetts.

Notice is hereby given that: on February 13, 2006, a Preliminary Order of Forfeiture was entered, pursuant to 21 U.S.C. s853, incorporated by reference in 18 U.S.C. s982 (a) (2) (b), in the United States District Court against Defendant, Shih-Ming Shiue's interest in the real property located at 41 Fairbanks Road, Lexington, Massachusetts;

Pursuant to the provisions set forth in 21 U.S.C. s853 (n) (2) and (3), any person, other than the Defendant, asserting a legal interest in any of the assets set forth above within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, must file a petition with the United States District Court in the District of Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the assets; and the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the assets, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the assets, any additional facts supporting the petitioner's claim, and the relief sought. The petition must also be served upon the United States Attorney's Office, 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02210, Attention: Asset Forfeiture Unit, within the thirty (30) day period provided under 21 U.S.C. s 853 (n).

Upon adjudication of all third party interests, the Court will enter a final order of forfeiture in which all such interests will be addressed. At that time, the United States of America intends to dispose of the above-described assets in accordance with law.

Port Director
U.S. Customs and Border Protection, DHS
Ref: 05-3901-900052-01 (coll 04)

Mar 23, 30, Apr 6

with the United Sta... the District of Mass... upon the United Sta... Asset Forfeiture Un... Suite 9200, Bos... 02210, within the t... provided under 18 ... petition shall be sig... under the pains an... and shall set forth ... of the petitioner's r... in the forfeited De... time and circums... tioner's acquisition ... interest in the Def... additional facts s... tioner's claim, and t... adjudication of all ... the Court will enter ... ture, pursuant to 18 ... all such interests w...

WILLIAMT. FALLON
ACTING UNITED STA...
DISTRICT OF MASSA...

**400 Legal Notice**



provide a copy of the annual return(s) and documentation of filing, or (b) explain why not, and state whether the failure to file is reasonable.

2) State whether the company provided telecommunications services within the Commonwealth during the relevant calendar year(s) as noted in the Appendix.

Should any named carrier fail to respond or produce the information sought in these proceedings, or otherwise default in its obligation to appear before the Department, the Department may make adverse findings of fact and order corrective action, including, but not limited to, a finding that the carrier neglected to file its annual return(s) and that the failure to file was unreasonable; assessment of forfeitures; and referral to the Attorney General for enforcement.

Any person who otherwise desires to file written comments or participate in these proceedings must file an original and two copies of such written comments or petition for leave to intervene with Mary Cottrell, Secretary, Department of Telecommunications and Energy, One South Station, Boston MA 02110, not later than 5:00 p.m. on Thursday, April 20, 2006. Filings must indicate a specific docket number, as found in the Appendix. A petition for leave to intervene must satisfy the timing and substantive requirements of 220 C.M.R. § 1.03. Receipt by the Department, not mailing, constitutes filing and determines whether a petition is timely filed. A petition filed late may be disallowed as untimely, unless good cause is shown for waiver under 220 C.M.R. § 1.01(4). To be allowed, a petition under 220 C.M.R. § 1.03(1) must satisfy the standing requirements of G.L. c. 30A, § 10.

In addition to filing, please submit all written pleadings or comments to the Department in electronic format using one of the following methods: (1) by e-mail attachment to dte.efiling@state.ma.us and copy to carol.pieper@state.ma.us; or (2) on a 3.5" disk, IBM-compatible format. Documents submitted in electronic format will be posted on the Department's web-site,http://www.mass.gov.dpu. http://www.mass.gov/dte/.

APPENDIX

Telecommunications common carriers that failed to file annual returns for calendar years 2003 and 2004.

Carrier - Relevant Calendar Year - Docket Number

All-Star Acquisition Corporation, 2003, 05-95-1; Advent Communications, Inc. (formerly Ameritel Telephone Svcs.) 2004, 05-95-2; Dark Air Corp.,2004, 05-95-3; ECI Communications, Inc.2004, 05-95-4; Megan Corp., 2004, 05-95-5; NeTel, Inc. 2004, 05-95-6; Norstan Network Services, Inc., 2004, 05-95-7; Tristate Bell of Mass, Inc., 2004, 05-95-8; Worldnet Communications, Inc.,2004, 05-95-9; Atlanta New York Warehouse Outlets, Inc.,2003/2004, 05-95-10; Communicate Technological Systems, 2003/2004, 05-95-11; Communications Billing, Inc. 2003/2004, 05-95-12; Ntegrity Telecontent Services, Inc., 2003/2004, 05-95-13; Teleconex, Inc., 2003/2004, 05-95-14; Vista Group International, Inc.,2003/2004, 05-95-15.

Apr 6

**400 Legal Notice** | **400 Legal Notice**

**PUBLIC NOTICE**

**MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION**
**METROPOLITAN BOSTON/ NORTHEAST REGION**
**BUREAU OF RESOURCE PROTECTION**
**WATER POLLUTION CONTROL**
**205B LOWELL STREET**
**WILMINGTON, MASS. 01887**
**TEL (978) 694-3200**

Pursuant to chapter 21, Section 43 of the General Laws, and Regulations 314 CMR 7 and 2.06, notice is given of the following application for sewer connection permit and the action the Department proposes to take:

**CITY/TOWN OF:** Boston **PROJECT NAME:** Brigham and Women's Hospital; **APPLICANT:** Chuck Labins (Brigham & Womens Hospital); **LOCATION:** Fenwood Road & Francis Street; **PURPOSE:** Sewer connection for 136 hospital beds, office uses and cooling tower discharge; **TRANSMITTAL NO:** W074712; **DATE OF PRINTING:** April 6, 2006; **PROPOSED ACTION: TENTATIVE DETERMINATION TO ISSUE.**

The above application, along with applicable laws, regulations and procedures are available for inspection at the above address. Comments on the proposed action or a request for a public hearing on the proposed action must be received at the above address within 30 days of this notice.

Richard Chretien
Bureau of Resource Protection

Apr 6

**617-423-4545** to place your classified ad.

**BOSTON, MA 02128.**
Bid documents will be made available beginning **FRIDAY, APRIL 7, 2006.**

**THE ESTIMATED PROJECT COST IS ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).**

Bid Documents may be obtained at the Authority's Capital Programs Department Office, together with any addenda or amendments, which the Authority may issue. A charge of **TWENTY-FIVE DOLLARS ($25.00) PAYABLE BY COMPANY CHECK OR MONEY ORDER ONLY,** will be made for these Documents, which charge will be refunded upon their return in good condition, within forty-five (45) days after receipt of the General Bids.

A proposal guaranty shall be submitted with each General Bid consisting of a bid deposit for five (5) percent of the value of the bid; when sub-bids are required, each must be accompanied by a deposit equal to five (5) percent of the sub-bid amount, in the form of a bid bond, or cash, or a certified check, or a treasurer's or a cashier's check issued by a responsible bank or trust company, payable to the Massachusetts Port Authority in the name of which the Contract for the work is to be executed. The bid deposit shall be (a) in a form satisfactory to the Authority, (b) with a surety company qualified to do business in the Commonwealth and satisfactory to the Authority, and (c) conditioned upon the faithful performance by the principal of the agreements contained in the bid.

The successful Bidder will be required to furnish a one-year renewable performance bond and a one-year renewable labor and materials payment bond, each in an amount equal to one hundred percent (100%) of the Contract Price. The surety shall be a surety company or securities satisfactory to the Authority.

The successful Bidder will be required to purchase and maintain Bodily Injury Liability Insurance and Property Damage Liability Insurance for a combined single limit of **ONE MILLION DOLLARS ($1,000,000.00).** Said policy shall be on an occurrence basis and the Authority shall be included as an Additional insured. See the insurance sections of Division I, General Requirements and Division II, Special Provisions for complete details.

Return of bid deposits will be in accordance with the provisions of the above cited General Laws.

No filed sub-bids will be required for this project.

This Contract is also subject to Affirmative Action requirements of the Massachusetts Port Authority contained in the Non-Discrimination and Affirmative Action article of Division I, General Requirements and Covenants, and to the Secretary of Labor's Requirement for Affirmative Action to Ensure Equal Opportunity and the Standard Federal Equal Opportunity Construction Contract Specifications (Executive Order 11246).

The General Contractor is required to submit a Certification of Non-Segregated Facilities prior to award of the Contract, and to notify prospective subcontractors of the requirement for such certification where the subcontract exceeds $10,000. Complete information and authorization to view the site may be obtained from the Capital Programs Department Office at the Massachusetts Port Authority. The right is reserved to waive any informality in or reject any or all proposals.

**MASSACHUSETTS PORT AUTHORITY**
**CRAIG P. COY**
**CEO AND EXECUTIVE DIRECTOR**

**400 Legal Notice** | **400 Legal Notice**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**NOTICE OF ORDER OF FORFEITURE**

Criminal Case No. 05-10021-NMG

United States of America, District of Massachusetts, at Boston, Massachusetts.

Notice is hereby given that: on February 13, 2006, a Preliminary Order of Forfeiture was entered, pursuant to 21 U.S.C. s853, incorporated by reference in 18 U.S.C. s982 (a) (2) (b), in the United States District Court against Defendant, Shih-Ming Shiue's interest in the real property located at 41 Fairbanks Road, Lexington, Massachusetts;

Pursuant to the provisions set forth in 21 U.S.C. s853 (n) (2) and (3), any person, other than the Defendant, asserting a legal interest in any of the assets set forth above within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, must file a petition with the United States District Court in the District of Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the assets; and the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the assets, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the assets, any additional facts supporting the petitioner's claim, and the relief sought. The petition must also be served upon the United States Attorney's Office, 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02210, Attention: Asset Forfeiture Unit, within the thirty (30) day period provided under 21 U.S.C. s 853 (n).

Upon adjudication of all third party interests, the Court will enter a final order of forfeiture in which all such interests will be addressed. At that time, the United States of America intends to dispose of the above-described assets in accordance with law.

Port Director
U.S. Customs and Border Protection, DHS
Ref: 05-3901-900052-01 (coll 04)

Mar 23, 30, Apr 6

**On State Street**
**Brett Arends-Tuesday's in the Boston Herald**

Said land is situated in Block 139D in the Assessor's Plan of said City, filed in the office of the Board of Assessors.

For title see deed recorded herewith.

TERMS OF SALE:
Said premises will be sold and conveyed subject to and with the benefit of any and all mortgages, restrictions, easements, covenants, outstanding tax titles, municipal or other public taxes, water and sewer charges, assessments, federal and state tax liens, other liens or claims in the nature of liens and existing encumbrances of record created prior to the mortgage, if there be any, and the rights of tenants and occupants of the mortgaged premises, if there be any. No representation is made as to the existence or non-existence of lead paint or UFFI at the premises and Buyer purchases subject to all requirements related thereto, including the costs and expenses for same. The Buyer shall be responsible for installing and obtaining evidence of compliance with any fire and smoke detector requirements and assumes all responsibility including the costs and expenses for same.

If the premises are not serviced by a public sewage system, Buyer shall be solely responsible for compliance with all Title V Regulations, including but not limited to, any inspection and upgrade requirements set forth in 310 CMR 15.000 et seq., including the costs and expenses for same.

The highest bidder shall be required to deposit cash, bank treasurer's check or certified check in the amount of Ten Thousand ($10,000.00) Dollars at the time and place of the sale and said deposit must be shown at the time and place of the sale in order to qualify as a bidder. The balance of the purchase price shall be paid in certified check or bank treasurer's check within thirty (30) days after the date of sale at the offices of Attorney Sandra Kraege Higby, 482 Southbridge Street, Auburn, Massachusetts.

The successful bidder shall be required to execute a Memorandum of Terms and Conditions of Sale at the Auction Sale. In the event the successful purchaser of the foreclosed premises does not fulfill the terms and conditions of said foreclosure sale by purchasing the property, the mortgagee reserves the right to thereafter accept the bid of the next highest bidder at the foreclosure sale and to further accept said bid upon the conditions of the second bidder agreeing to fulfill its bid commitment which was made at the time of the foreclosure sale.

Other terms to be announced at the sale.

DATED: April 3, 2006

Mortgage Electronic Registration Systems, Inc. as Nominee for American Home Mortgage Acceptance, Inc., Present Holder of Said Mortgage, By its Attorney

SANDRA KRAEGE HIGBY
482 Southbridge Street
Auburn, MA 01501
Paul E. Saperstein Company, Auctioneer
(617) 227-6553

Apr 6, 13, 20

**470 Legal Notice** | **470 Legal Notice**

**COMMONWEALTH OF MASSACHUSETTS**
**LAND COURT**
**DEPARTMENT OF THE TRIAL COURT**

Case No. 319743

(SEAL) To Tuongvi N. Nguyen, and to all persons entitled to the benefit of the Servicemembers Civil Relief Act. Wells Fargo Bank, National Association as trustee for Securitized Asset Backed Receivables LLC 2005-FR5 Mortgage Pass-Through Certificates, Series 2005-FR5, claiming to be the holder of a Mortgage covering real property in Dorchester, numbered 2 Faulkner Circle, given by Tuongvi N. Nguyen to Mortgage Electronic Registration Systems, Inc. acting solely as nominee for Fremont Investment & Loan, dated June 23, 2005, recorded at Suffolk County Registry of Deeds in Book 37414, Page 248 and now held by the Plaintiff by assignment, has filed with said court a complaint for authority to foreclose said mortgage in the manner following: by entry and possession and exercise of power of sale.

If you are entitled to the benefits of the Servicemembers Civil Relief Act and you object to such foreclosure you or your attorney should file a written appearance and answer in said court at Boston on or before the 8th day of May 2006, or you may be forever barred from claiming that such foreclosure is invalid under said act.

Witness, KARYN F. SCHEIER, Chief Justice of said Court this 23rd day of March 2006.

DEBORAH J. PATTERSON, Recorder

Apr 6

**Holy Howie!**
Read Howie Carr. Only in the Boston Herald.

**call 617-423-4545 to place an ad.**

Fax:
617-619-6158

**MECHANICAL AND ELECTRICAL MODIFICATIONS AS REQUIRED TO COMPLETE THE ENTIRE SCOPE OF WORK.**

Bid documents will be made available beginning **TUESDAY, MARCH 28, 2006.**

In order to be eligible and responsible to bid on this contract General Bidders must submit with their bid a current Certificate of Eligibility issued by the Division of Capital Asset Management and an Update Statement. The General Bidder must be certified in the category of **GENERAL BUILDING CONSTRUCTION.** The estimated contract cost is **$ 2,000,000.**

In order to be eligible and responsible to bid on this contract, filed Sub-bidders must submit with their bid a current Sub-bidder Certificate of Eligibility issued by the Division of Capital Asset Management and a Sub-bidder Update Statement. The filed Sub-bidder must be certified in the sub-bid category of work for which the Sub-bidder is submitting a bid proposal.

Bid Documents may be obtained at the Authority's Capital Programs Department Office, together with any addenda or amendments, which the Authority may issue. A charge of **$50.00 PAYABLE BY COMPANY CHECK OR MONEY ORDER ONLY,** will be made for these Documents, which charge will be refunded upon their return in good condition, within forty-five (45) days after receipt of the General Bids.

Bidding procedures and award of the contract and sub-contracts shall be in accordance with the provisions of Sections 44A through 44H inclusive, Chapter 149 of the General Laws of the Commonwealth of Massachusetts.

A proposal guaranty shall be submitted with each General Bid consisting of a bid deposit for five (5) percent of the value of the bid; when sub-bids are required, each must be accompanied by a deposit equal to five (5) percent of the sub-bid amount, in the form of a bid bond, or cash, or a certified check, or a treasurer's or a cashier's check issued by a responsible bank or trust company, payable to the Massachusetts Port Authority in the name of which the Contract for the work is to be executed. The bid deposit shall be (a) in a form satisfactory to the Authority, (b) with a surety company qualified to do business in the Commonwealth and satisfactory to the Authority, and (c) conditioned upon the faithful performance by the principal of the agreements contained in the bid.

The successful Bidder will be required to furnish a performance bond and a labor and materials payment bond, each in an amount equal to 100% of the Contract price. The surety shall be a surety company or securities satisfactory to the Authority. Attention is called to the minimum rate of wages to be paid on the work as determined under the provisions of Chapter 149, Massachusetts General Laws, Section 26 to 27G, inclusive, as amended. The Contractor will be required to pay minimum wages in accordance with the schedules listed in Division II, Special Provisions of the Specifications, which wage rates have been predetermined by the U. S. Secretary of Labor and /or the Commissioner of Labor and Industries of Massachusetts, whichever is greater.

The successful Bidder will be required to purchase and maintain Bodily Injury Liability Insurance and Property Damage Liability Insurance for a combined single limit of **$1,000,000.** Said policy shall be on an occurrence basis and the Authority shall be included as an Additional Insured. See the insurance sections of Division I, General Requirements and Division II, Special Provisions for complete details.

Return of bid deposits will be in accordance with the provisions of Chapter 149, Section 44B of the Massachusetts General Laws.

Filed sub-bids will be required and taken on the following classes of work:

**ACOUSTICAL TILE**
**HEATING, VENTILATING AND AIR CONDITIONING**
**ELECTRICAL**

The Authority reserves the right to reject any sub-bid of any sub-trade where permitted by Section 44E of the above-referenced General Laws. The right is also reserved to waive any informality in or to reject any or all proposals and General Bids.

This contract is subject to a Disadvantaged Business Enterprise participation provision requiring that not less than **8%** of the Contract be performed by disadvantaged business enterprise contractors. With respect to this provision, bidders are urged to familiarize themselves thoroughly with the Bidding Documents. Strict compliance with the pertinent procedures will be required for a bidder to be deemed responsive and eligible.

This Contract is also subject to Affirmative Action requirements of the Massachusetts Port Authority contained in the Non-Discrimination and Affirmative Action article of Division I, General Requirements and Covenants, and to the Secretary of Labor's Requirement for Affirmative Action to Ensure Equal Opportunity and the Standard Federal Equal Opportunity Construction Contract Specifications (Executive Order 11246).

The General Contractor is required to submit a Certification of Non-Segregated Facilities prior to award of the Contract, and to notify prospective subcontractors of the requirement for such certification where the subcontract exceeds $10,000.

Complete information and authorization to view the site may be obtained from the Capital Programs Department Office at the Massachusetts Port Authority. The right is reserved to waive any informality in or reject any or all proposals.

**MASSACHUSETTS PORT AUTHORITY**
**CRAIG P. COY**
**CEO AND EXECUTIVE DIRECTOR**

Upon adjudication of all third party interests, the United States of America intends to dispose of the Defendant Property named above, in accordance with the law.

Pursuant to 18 U.S.C. s2253(m), any person, other than the Defendant, having or claiming to have a legal interest in the above-described Defendant Property may, within thirty (30) days of the final publication of notice or receipt of this notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of the petitioner's alleged interest in the Defendant Property. The petition must be filed with the United States District Court for the District of Massachusetts and served upon the United States Attorney's Office, Asset Forfeiture Unit, 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02210, within the thirty (30) day period provided under 18 U.S.C. s2253(m). The petition shall be signed by the petitioner under the pains and penalties of perjury and shall set forth the nature and extent of the petitioner's rights, title, or interest in the forfeited Defendant Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Defendant Property, any additional facts supporting the petitioner's claim, and the relief sought. Upon adjudication of all third party interests, the Court will enter a final order of forfeiture, pursuant to 18 U.S.C. s2253, in which all such interests will be addressed.

WILLIAMT. FALLON
ACTING UNITED STATES MARSHAL
DISTRICT OF MASSACHUSETTS

Mar 16, 23, 30

**400 Legal Notice** | **400 Legal Notice**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**NOTICE OF ORDER OF FORFEITURE**

Criminal Case No. 05-10021-NMG

United States of America, District of Massachusetts, at Boston, Massachusetts.

Notice is hereby given that: on February 13, 2006, a Preliminary Order of Forfeiture was entered, pursuant to 21 U.S.C. s853, incorporated by reference in 18 U.S.C. s982 (a) (2) (b), in the United States District Court against Defendant, Shih-Ming Shiue's interest in the real property located at 41 Fairbanks Road, Lexington, Massachusetts;

Pursuant to the provisions set forth in 21 U.S.C. s853 (n) (2) and (3), any person, other than the Defendant, asserting a legal interest in any of the assets set forth above within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, must file a petition with the United States District Court in the District of Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the assets; and the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the assets, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the assets, any additional facts supporting the petitioner's claim, and the relief sought. The petition must also be served upon the United States Attorney's Office, 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02210, Attention: Asset Forfeiture Unit, within the thirty (30) day period provided under 21 U.S.C. s 853 (n).

Upon adjudication of all third party interests, the Court will enter a final order of forfeiture in which all such interests will be addressed. At that time, the United States of America intends to dispose of the above-described assets in accordance with law.

Port Director
U.S. Customs and Border Protection, DHS
Ref: 05-3901-900052-01 (coll 04)

Mar 23, 30, Apr 6

trict of the Land Court as Document No. [illegible] and noted on certificate of Title No. 121093 and now held by the plaintiff by assignment, has filed with said court a complaint for authority to foreclose said mortgage in the manner following: by entry and possession and exercise of power of sale.

If you are entitled to the benefits of the Servicemembers Civil Relief Act as amended and you object to such foreclosure you or your attorney should file a written appearance and answer in said court at Boston on or before the 24th day of April 2006, or you may be forever barred from claiming that such foreclosure is invalid under said act.

Witness, KARYN F. SCHEIER, Chief Justice of said Court this 10th day of March 2006.

DEBORAH J. PATTERSON, Recorder

Mar 23

**470 Legal Notice**

**COMMONWEALTH OF MASSACHUSETTS**
**LAND COURT**
**DEPARTMENT OF THE TRIAL COURT**

Case No. 318203

(SEAL) To Marie V. Rene and to all persons entitled to the benefit of the Servicemembers Civil Relief Act. Aames Home Loan, claiming to be the holder of a Mortgage covering real property in Hyde Park (Boston), 142 Summer Street, given by, Marie V. Rene to Aames Funding Corporation d/b/a Aames Home Loan, dated February 28, 2005, and registered with the Suffolk County Registry District of the Land Court as Document No. 696953 and noted on Certificate of Title No. 121761 has filed with said court a complaint for authority to foreclose said mortgage in the manner following: by entry and possession and exercise of power of sale.

If you are entitled to the benefits of the Servicemembers Civil Relief Act as amended and you object to such foreclosure you or your attorney should file a written appearance and answer in said court at Boston on or before the 24th day of April 2006, or you may be forever barred from claiming that such foreclosure is invalid under said act.

Witness, KARYN F. SCHEIER, Chief Justice of said Court this 10th day of March 2006.

DEBORAH J. PATTERSON, Recorder

Mar 23

**400 Legal Notice** | **400 Legal Notice**

**PUBLIC NOTICE**

The annual report for the year 2005 of the Max Hoffman Foundation, principal manager Martin Hoffman, is available for inspection at its offices at 160 No. Washington Street, Boston, MA during regular business hours to any citizen who requests it within 180 days of this date of publication.

Mar 23

**400 Legal Notice**

**Financial Resources Group,LLC & Anthony Merlo**
**06-SUCV-0266**

Complaint filed by Estate of Larry A. Givens; file timely answer w/in 20 days; TRO issued & Prelim. Injunction hearing April 10, 2006.

**Sense of Style.**

Jill Radsken every Thursday in the Boston Herald.

**The Money Manager.**

Only in the Boston Sunday Herald.

**For convenient home delivery of the Boston Herald, call (800) 882-1211.**

James F. Flaherty and others And partly on land shown as Lot 1 on said plan, thirty-eight ([illegible]) feet; NORTHWESTERLY on Lot F on said plan, seventy-seven and 53/100 (77.53) feet.
For mortgagors' title see deed recorded with Suffolk County Registry of Deeds in Book 26604, Page 60.
These premises will be sold and conveyed subject to and with the benefit of all rights, rights of way, restrictions, easements, covenants, liens or claims in the nature of liens, improvements, public assessments, any and all unpaid taxes, tax titles, tax liens, water and sewer liens and any other municipal assessments or liens or existing encumbrances of record which are in force and are applicable, having priority over said mortgage, whether or not reference to such restrictions, easements, improvements, liens or encumbrances is made in the deed.
TERMS OF SALE:
A deposit of Ten Thousand ($10,000.00) Dollars by certified or bank check will be required to be paid by the purchaser at the time and place of sale. The balance is to be paid by certified or bank check at Harmon Law Offices, P.C., 150 California Street, Newton, Massachusetts 02458, or by mail to P.O. Box 610389, Newton Highlands, Massachusetts 02461-0389, within thirty (30) days from the date of sale. Deed will be provided to purchaser for recording upon receipt in full of the purchase price. The description of the premises contained in said mortgage shall control in the event of an error in this publication.
Other terms, if any, to be announced at the sale.
OPTION ONE MORTGAGE CORPORATION
Present holder of said mortgage
By its Attorneys,
HARMON LAW OFFICES, P.C.
Hilary A. Wyche, Esquire
150 California Street
Newton, MA 02458
(617) 558-0500

Mar 9, 16, 23

**470 Legal Notice** | **470 Legal Notice**

**COMMONWEALTH OF MASSACHUSETTS**
**LAND COURT**
**DEPARTMENT OF THE TRIAL COURT**

Case No. 319386

(SEAL) To Malcom N. Henry and to all persons entitled to the benefit of the Servicemembers Civil Relief Act: Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Minnesota, N.A., as Trustee f/k/a Norwest Bank Minnesota, N.A., as Trustee for the registered holders of Home Equity Loan Asset-Backed Certificates, Series 2003-3, claiming to be the holder of a Mortgage covering real property in Dorchester, numbered as 31 Dracut Street, given by Malcom N. Henry to Delta Funding Corporation by and through its nominee Mortgagee Electronic Registration Systems, Inc. dated August 8, 2003 and recorded with the Suffolk County Registry of Deed in Book 32395, Page 56, and now held by Plaintiff by assignment, has filed with said court a complaint for authority to foreclose said mortgage in the manner following: by entry and possession and exercise of power of sale.

If you are entitled to the benefits of the Servicemembers Civil Relief Act as amended and you object to such foreclosure you or your attorney should file a written appearance and answer in said court at Boston on or before the 1st day of May 2006, or you may be forever barred from claiming that such foreclosure is invalid under said act.

Witness, KARYN F. SCHEIER, Chief Justice of said Court this 16th day of March 2006.

DEBORAH J. PATTERSON, Recorder

Mar 23

**NOTICE**

Case No. 2006-0401-000012-01. Notice is hereby given of the seizure and intention to forfeit the following seized currency: $7,600.00 (U.S.). The currency was seized the U.S. Bureau of Immigration and Customs Enforcement at Quincy, MA on October 20, 2005. The currency was seized and is subject to forfeiture under the provisions of 18 USC 981(a)(1)(A),(property involved in a transaction or attempted transaction in violation of 18 USC 1956), 18 USC 981(a)(1)(C), (the property is, or is traceable to, the proceeds of a violation of 18 USC 545, (smuggling)) and 21 USC 881 (a)(6) (proceeds traceable to an exchange for a controlled substance and, monies furnished or intended to be furnished in exchange for a controlled substance). Under the provisions of 19 USC 1608 as modified by 18 USC 983(a)(2), any person who claims to have an ownership, or possessory interest in this property, and desires to claim this property must file with U.S. Customs and Border Protection, 10 Causeway St., Room 623, Boston, MA 02222-1059, within 30 days from the date of the final publication of this notice a claim to such property. A claim shall identify the specific property being claimed, state the claimant's interest in such property and be made under oath, subject to penalty of perjury. Unless such claim is filed within the 30 day time period the property will be forfeited to the United States government and disposed of in accordance with the law.

Mar 16, 23, 30



Massachusetts, bounded and described as follows:
Said land is shown as lot 203 on a plan drawn by C.B. Humphrey, Engineer, for the Court, dated February 14, 1944, as approved by the Court, filed in the Land Registration Office as Plan No. 13486-R, a copy of a portion of which is filed with Certificate of Title No. 44103.
Said land is subject to the building lines as shown on said plan.
So much of said land as is included within the limits of the way as shown on said plan is subject to the rights of all persons legally entitled in and over the same.
Said land is subject to the easements as set forth in a deed from the Suburban Realty Corporation to the to the New England Telephone and Telegraph Company dated February 9, 1929, recorded with said Deeds, Book 5077, Page 96.
Said land is subject to a taking by the City of Boston for highway purposes in said Safford Street under order dated August 22, 1956, filed and registered as Document No. 225497.
For grantor(s) title, see Certificate of Title No. 110400, Doc. #534964, Book 547, Page 200.
For mortgagor's title see deed registered with Suffolk County Registry District of the Land Court as Document No. 534964, as noted on Certificate of Title No. 110400.
These premises will be sold and conveyed subject to and with the benefit of all rights, rights of way, restrictions, easements, covenants, liens or claims in the nature of liens, improvements, public assessments, any and all unpaid taxes, tax titles, tax liens, water and sewer liens and any other municipal assessments or liens or existing encumbrances of record which are in force and are applicable, having priority over said mortgage, whether or not reference to such restrictions, easements, improvements, liens or encumbrances is made in the deed.
TERMS OF SALE:
A deposit of Five Thousand ($5,000.00) Dollars by certified or bank check will be required to be paid by the purchaser at the time and place of sale. The balance is to be paid by certified or bank check at Harmon Law Offices, P.C., 150 California Street, Newton, Massachusetts 02458, or by mail to P.O. Box 610389, Newton Highlands, Massachusetts 02461-0389, within thirty (30) days from the date of sale. Deed will be provided to purchaser for recording upon receipt in full of the purchase price. The description of the premises contained in said mortgage shall control in the event of an error in this publication.
Other terms, if any, to be announced at the sale.
JPMORGAN CHASE BANK, AS TRUSTEE FOR SPECIALTY UNDERWRITING AND RESIDENTIAL FINANCE TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2004-BC2
Present holder of said mortgage
By its Attorneys,
HARMON LAW OFFICES, P.C.
Rachelle D. Willard, Esquire
150 California Street
Newton, MA 02458
(617) 558-0500

Mar 16, 23, 30

**400 Legal Notice** | **400 Legal Notice**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**NOTICE OF LIBEL**

Civil Case No. 05-12306-RGS

United States of America, District of Massachusetts, at Boston, Massachusetts, February 28, 2006

Notice is hereby given that a Libel has been filed in the United States District Court against the following real property, pursuant to 21 U.S.C. s881(a)(7)

371 Chelsea Street, East Boston, Massachusetts, including all buildings, appurtenances, and improvement thereon, as described in more detail and recorded in the Suffolk County Registry of Deeds at Book 7411, Page 277 (the "Defendant Property").

All claims to said Defendant Property must be filed within thirty (30) days after process has been executed, or within such additional time as may be allowed by this Court and all answers to the Complaint must be filed within twenty (20) days after the filing of the claim. Such claims must be filed in accordance with the Federal Rules of Civil Procedure, Supplement Rules of Certain Admiralty and Maritime Claims. All claims and answers must be filed with the United States District for the District of Massachusetts and served upon the United States Attorney's Office, Asset Forfeiture Unit, 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02210. The procedures for filing a petition for remission or mitigation are set forth in 28 Code of Federal Regulations, Part 9. In addition to the procedures mandated by those regulations, a copy of the Petition for Remission or Mitigation should be filed with the seizing agency, which is the United States Drug Enforcement Administration, JFK Federal Building, Room E-400, 15 New Sudbury Street, Boston, Massachusetts 02203, Attention Asset Forfeiture Group.

William T. Fallon
Acting United States Marshal
District of Massachusetts

Mar 23, 30, Apr 6

**Holy Howie!**
Read Howie Carr. Only in the Boston Herald.

**MECHANICAL AND ELECTRICAL MODIFICATIONS AS REQUIRED TO COMPLETE THE ENTIRE SCOPE OF WORK.**
Bid documents will be made available beginning **TUESDAY, MARCH 28, 2006.**
In order to be eligible and responsible to bid on this contract General Bidders must submit with their bid a current Certificate of Eligibility issued by the Division of Capital Asset Management and an Update Statement. The General Bidder must be certified in the category of **GENERAL BUILDING CONSTRUCTION.** The estimated contract cost is **$ 2,000,000.**
In order to be eligible and responsible to bid on this contract, filed Sub-bidders must submit with their bid a current Sub-bidder Certificate of Eligibility issued by the Division of Capital Asset Management and a Sub-bidder Update Statement. The filed Sub-bidder must be certified in the sub-bid category of work for which the Sub-bidder is submitting a bid proposal.
Bid Documents may be obtained at the Authority's Capital Programs Department Office, together with any addenda or amendments, which the Authority may issue. A charge of **$50.00 PAYABLE BY COMPANY CHECK OR MONEY ORDER ONLY,** will be made for these Documents, which charge will be refunded upon their return in good condition, within forty-five (45) days after receipt of the General Bids.
Bidding procedures and award of the contract and sub-contracts shall be in accordance with the provisions of Sections 44A through 44H inclusive, Chapter 149 of the General Laws of the Commonwealth of Massachusetts.
A proposal guaranty shall be submitted with each General Bid consisting of a bid deposit for five (5) percent of the value of the bid; when sub-bids are required, each must be accompanied by a deposit equal to five (5) percent of the sub-bid amount, in the form of a bid bond, or cash, or a certified check, or a treasurer's or a cashier's check issued by a responsible bank or trust company, payable to the Massachusetts Port Authority in the name of which the Contract for the work is to be executed. The bid deposit shall be (a) in a form satisfactory to the Authority, (b) with a surety company qualified to do business in the Commonwealth and satisfactory to the Authority, and (c) conditioned upon the faithful performance by the principal of the agreements contained in the bid.
The successful Bidder will be required to furnish a performance bond and a labor and materials payment bond, each in an amount equal to 100% of the Contract price. The surety shall be a surety company or securities satisfactory to the Authority. Attention is called to the minimum rate of wages to be paid on the work as determined under the provisions of Chapter 149, Massachusetts General Laws, Section 26 to 27G, inclusive, as amended. The Contractor will be required to pay minimum wages in accordance with the schedules listed in Division II, Special Provisions of the Specifications, which wage rates have been predetermined by the U. S. Secretary of Labor and /or the Commissioner of Labor and Industries of Massachusetts, whichever is greater.
The successful Bidder will be required to purchase and maintain Bodily Injury Liability Insurance and Property Damage Liability Insurance for a combined single limit of $1,000,000. Said policy shall be on an occurrence basis and the Authority shall be included as an Additional Insured. See the insurance sections of Division I, General Requirements and Division II, Special Provisions for complete details.
Return of bid deposits will be in accordance with the provisions of Chapter 149, Section 44B of the Massachusetts General Laws.
Filed sub-bids will be required and taken on the following classes of work:

**ACOUSTICAL TILE**
**HEATING, VENTILATING AND AIR CONDITIONING**
**ELECTRICAL**

The Authority reserves the right to reject any sub-bid of any sub-trade where permitted by Section 44E of the above-referenced General Laws. The right is also reserved to waive any informality in or to reject any or all proposals and General Bids.
This contract is subject to a Disadvantaged Business Enterprise participation provision requiring that not less than 8% of the Contract be performed by disadvantaged business enterprise contractors. With respect to this provision, bidders are urged to familiarize themselves thoroughly with the Bidding Documents. Strict compliance with the pertinent procedures will be required for a bidder to be deemed responsive and eligible.
This Contract is also subject to Affirmative Action requirements of the Massachusetts Port Authority contained in the Non-Discrimination and Affirmative Action article of Division I, General Requirements and Covenants, and to the Secretary of Labor's Requirement for Affirmative Action to Ensure Equal Opportunity and the Standard Federal Equal Opportunity Construction Contract Specifications (Executive Order 11246).
The General Contractor is required to submit a Certification of Non-Segregated Facilities prior to award of the Contract, and to notify prospective subcontractors of the requirement for such certification where the subcontract exceeds $10,000.
Complete information and authorization to view the site may be obtained from the Capital Programs Department Office at the Massachusetts Port Authority. The right is reserved to waive any informality in or reject any or all proposals.

**MASSACHUSETTS PORT AUTHORITY**
**CRAIG P. COY**
**CEO AND EXECUTIVE DIRECTOR**

**400 Legal Notice** | **400 Legal Notice**

**PUBLIC NOTICE**

The annual report for the year 2005 of the Max Hoffman Foundation, principal manager Martin Hoffman, is available for inspection at its offices at 160 No. Washington Street, Boston, MA during regular business hours to any citizen who requests it within 180 days of this date of publication.

Mar 23

Upon adjudication ests, the United Sta to dispose of th named above, in ac

Pursuant to 18 U.S son, other than th claiming to have above-described D within thirty (30) cation of notice or whichever is earlie a hearing to adjudi petitioner's alleged dant Property. The with the United St the District of Mas upon the United St Asset Forfeiture U Suite 9200, Bo 02210, within the provided under 18 petition shall be si under the pains ar and shall set forth of the petitioner's in the forfeited D time and circum tioner's acquisitior interest in the De additional facts tioner's claim, and adjudication of all the Court will ente ture, pursuant to 18 all such interests w

WILLIAMT. FALLON
ACTING UNITED ST
DISTRICT OF MASS

**400 Legal Notice**

**UNITED STATE**
**DISTRICT OF**

**NOTICE OF ORD**

Criminal Case No. C

United States of Ar sachusetts, at Bost

Notice is hereby g 13, 2006, a Prelim ture was entered, s853, incorporatec U.S.C. s982 (a) ( States District Co Shih-Ming Shiue's property located Lexington, Massach

Pursuant to the pr U.S.C. s853 (n) (2 other than the Def gal interest in any above within thirty publication of the receipt of direct wr is earlier, must fil United States Distri of Massachusetts, adjudicate the valic est in the assets; a signed by the petiti of perjury and sha and extent of the or interest in the as cumstances of the of the right, title, o any additional fact tioner's claim, and petition must also United States Atto house Way, Suite chusetts 02210, A ture Unit, within th provided under 21 U

Upon adjudication ests, the Court wil forfeiture in which be addressed. At States of America the above-describe with law.

U.S. Customs and
Ref: 05-39

**400 Legal Notice**

**Financial Resources Group,LLC & Anthony Merlo**
**06-SUCV-0266**
Complaint filed by Estate of Larry A. Givens; file timely answer w/in 20 days; TRO issued & Prelim. Injunction hearing April 10, 2006.

**The Money M**
Only in the Boston Sunday

**For convenient home d**
**Boston Herald, call (8**



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way, Suite 9200*
*Boston, Massachusetts 02210*

FILED
CLERKS OFFICE
2006 AUG -8 P 2:46
U.S. DISTRICT COURT
DISTRICT OF MASS.

August 8, 2006

Craig Nicewicz
Clerk to the Honorable
Nathaniel M. Gorton
United States District Court
District of Massachusetts
1 Courthouse Way
Boston, MA 02210

Re: United States v. Shih-Ming Shiue
Criminal Action No. 05-10021-NMG

Dear Mr. Nicewicz:

On June 19, 2006, the United States filed the ***original*** Department of the Treasury Process, Receipt, and Return form (see Docket entry 23-1), in connection with the above-referenced criminal case. At that time, the Publisher's Certificate was not available for filing. The attached Publisher's Certificate should now be filed and attached to the ***original*** Department of the Treasury Process, Receipt, and Return form.

It is my understanding that the returns containing the original signatures are to be retained in the official court file, and need not be filed electronically, as they constitute executed service of process documents under Rule 4.

Thank you for bringing this matter to the attention of the Court.

Very truly yours,

Kristina E. Barclay
Assistant U.S. Attorney

KEB/jlj
Enclosures

# PUBLISHER'S CERTIFICATE

Commonwealth of Massachusetts }
County of Suffolk } ss.

On this 10th day of July A.D. 20 06 personally appeared before the undersigned, a Notary Public, within and for the said county. Madeleine M. Sheehan of the Boston Herald a newspaper published by Boston Herald, Inc., in Boston, County of Suffolk, in the Commonwealth of Massachusetts, and who being duly sworn, states on oath that the

Case No. 05-10021-NMG advertisement was published in said newspaper in its issues of

(Typo should be MAR 23, 30 April 6) May 23, 30, April 6 A.D. 20 06

Madeleine M Sheehan

Subscribed and sworn to before me this 10th

day of July A.D. 20 06

Barbara [signature]
Notary Public

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**NOTICE OF ORDER OF FORFEITURE**

Criminal Case No. 05-10021-NMG

United States of America, District of Massachusetts, at Boston, Massachusetts.

Notice is hereby given that: on February 13, 2006, a Preliminary Order of Forfeiture was entered, pursuant to 21 U.S.C. s853, incorporated by reference in 18 U.S.C. s982 (a) (2) (b), in the United States District Court against Defendant Shih-Ming Shiue's interest in the real property located at 41 Fairbanks Road, Lexington, Massachusetts;

Pursuant to the provisions set forth in 21 U.S.C. s853 (n) (2) and (3), any person, other than the Defendant, asserting a legal interest in any of the assets set forth above within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, must file a petition with the United States District Court in the District of Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the assets; and the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the assets, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the assets, any additional facts supporting the petitioner's claim, and the relief sought. The petition must also be served upon the United States Attorney's Office, 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02210, Attention: Asset Forfeiture Unit, within the thirty (30) day period provided under 21 U.S.C. s 853 (n).

Upon adjudication of all third party interests, the Court will enter a final order of forfeiture in which all such interests will be addressed. At that time, the United States of America intends to dispose of the above-described assets in accordance with law.

Port Director
U.S. Customs and Border Protection, DHS
Ref: 05-3901-900052-01 (coll 04)

Mar 23, 30, Apr 6




# Department of the Treasury

*Federal Law Enforcement Agencies*

## PROCESS RECEIPT AND RETURN

| PLAINTIFF<br>UNITED STATES OF AMERICA | COURT CASE NUMBER<br>CR-05-10021-NMG |
|---|---|
| DEFENDANT<br>Shih-Ming Shiue (Defendant) | TYPE OF PROCESS<br>PRELIMINARY ORDER OF FORFEITURE AND MONEY JUDGMENT |

| SERVE AT | |
|---|---|
| | Name Of Individual,Company,Corporation,Etc. to Serve or Description of Property to Seize<br>PUBLICATION |
| | Address (Street or RFD / Apt. # / City, State, and Zip Code) |

| Send NOTICE OF SERVICE copy to Requester: | | |
|---|---|---|
| KRISTINA E. BARCLAY<br>ASSISTANT U.S. ATTORNEY<br>OFFICE OF THE UNITED STATES ATTORNEY<br>John Joseph Moakley Federal Courthouse<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210 | Number Of Process To Be Served In This Case. | |
| | Number Of Parties To Be Served In This Case. | |
| | Check Box If Service Is On USA | |

SPECIAL INSTRUCTIONS or OTHER INFORMATION TO ASSIST IN EXPEDITING SERVICE (includes Business and Alternate Addresses, Phone Numbers, and Estimated Availability times.)

Please publish a copy of the attached Notice of Forfeiture at least once per week for three successive weeks in the Boston Herald or any other newspaper having a general circulation in this District, in accordance with the attached Preliminary Order of Forfeiture and applicable law

JLJ xt 3297

| Signature of Attorney or other Originator requesting service on behalf of<br>Kristina E. Barclay, Assistant U.S. Attorney | [ X ]Plaintiff<br>[ ]Defendant | Telephone No.<br>(617) 748-3100 | Date<br>Mar 13, 2006 |
|---|---|---|---|
| SIGNATURE OF PERSON ACCEPTING PROCESS: | | | Date |

### SPACE BELOW FOR USE OF TREASURY LAW ENFORCEMENT AGENCY

| I acknowledge receipt for the Total # of Process Indicated. | District of Origin No. | District to Serve No. | SIGNATURE OF AUTHORIZED TREASURY AGENCY OFFICER: | Date |
|---|---|---|---|---|

I hereby Certify and Return That I [ ] PERSONALLY SERVED, [ ] HAVE LEGAL EVIDENCE OF SERVICE, [ ] HAVE EXECUTED AS SHOWN IN "REMARKS", the Process Described on the Individual, Company, Corporation, Etc., At The Address Shown Above or at the Address Inserted Below.

[ ] I HEREBY CERTIFY AND RETURN THAT I AM UNABLE TO LOCATE THE INDIVIDUAL, COMPANY, CORPORATION, ETC. NAMED ABOVE.

| NAME & TITLE of Individual Served If not shown above: | [ ] A Person of suitable age and discretion then residing in the defendant's usual place of abode. | | |
|---|---|---|---|
| ADDRESS: (Complete only if different than shown above.) | Date of Service<br>PLEASE SEE REMARKS BELOW<br>Please See Remarks | Time of Service | [ ] AM<br>[ ] PM |
| | Signature, Title and Treasury Agency<br>Stephen P. Leonard, Forfeitures Officer<br>U.S. Customs and Border Protection | | |

REMARKS:

Notice was published as directed above in the Boston Herald newspaper on March 23, March 30 and April 06, 2006. Copy of Publisher's Certificate ~~attached.~~ will be submitted as soon as received from Herald newspaper. Copies of pages from newspaper publication attached.

TD F 90-22.48 (6/96)

☐ RETURN TO COURT ☐ FOR CASE FILE ☐ LEAVE AT PLACE OF SERVICE ☐ FILE COPY