```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
                             )
          v.                 )   CRIMINAL NO. 05-10021-NMG
                             )
SHIH-MING SHIUE,             )
          Defendant.         )
```

**JOINT MOTION TO VACATE
PRELIMINARY ORDER OF FORFEITURE AND MONEY JUDGMENT,
AND FOR FINAL ORDER OF FORFEITURE**

The United States and defendant Shih-Ming Shiue, by and through undersigned counsel, hereby move that this Court (1) vacate its February 13, 2006 Preliminary Order of Forfeiture (Docket No. 16), (2) vacate its February 13, 2006 Money Judgment (Docket No. 17), and (3) enter a Final Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. §982, and Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. A proposed Order Vacating Preliminary Order of Forfeiture and Money Judgment, and a proposed Final Order of Forfeiture, are submitted herewith.  In support thereof, the parties submit:

1.   On November 20, 2003, a federal grand jury sitting in the Northern District of Illinois returned a ten-count Indictment charging defendants Shih-Ming Shiue (the "Defendant"), and I-Hwa Shiue, with Conspiracy to Commit Offense or to Defraud United States, in violation of 18 U.S.C. §§ 371 and 2 (Count One); Entry of Goods by Means of False Statements, in violation of 18 U.S.C. §§ 542 and 2 (Counts Two through Seven, Nine and Ten); and

Bribery of Public Officials and Witnesses, in violation of 18 U.S.C. §§ 201(b)(1) and 2 (Count Eight).

2.  The Indictment also contained a Criminal Forfeiture Allegation, which, as a result of the Defendant committing one or more of the offenses alleged in Counts One through Seven, Nine and Ten of the Indictment, sought the forfeiture, pursuant to 18 U.S.C. § 982(a)(2)(B), of any property that constitutes, or is derived from, to proceeds obtained, directly or indirectly, from the charged offenses, specifically including, but not limited to approximately $29,000,000.00

3.  The Criminal Forfeiture Allegation of the Indictment also provided that, if the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeiture of substitute property of the Defendant, under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

4.  On February 1, 2005, this case was transferred from the Northern District of Illinois to the District of Massachusetts on February 20, 2005.

5.  On October 28, 2005, the Defendant pleaded guilty to Counts One through Ten of the Indictment pursuant to a written plea agreement.  In his plea agreement, the Defendant agreed to forfeit $5,065,000.00 on the grounds that he admitted such amount constituted, or was derived from, the proceeds of his unlawful activity.

6.  On February 2, 2006, the United States filed a Motion for Issuance of a Preliminary Order of Forfeiture and Money Judgment, pursuant to 18 U.S.C. § 982(a)(2)(B) and Rule 32.2 of the Federal Rules of Criminal Procedure.  See Docket No. 15.  On February 13, 2006, this Court endorsed an in personam Money Judgment against the Defendant, in the amount of $5,065,000.00, and a Preliminary Order of Forfeiture against the Defendant's only known asset, which consists of real property located at 41 Fairbanks Road, Lexington, Massachusetts (the "Real Property").  See Docket Nos. 16, 17.  On August 30, 2006, third party Siaw Jin Choo Shiue ("Ms. Shiue") filed a Petition Requesting Hearing to Adjudicate Validity of her alleged interest in the Real Property.  See Docket No. 30.  In the Petition, Ms. Shiue asserted that she and the Defendant hold title to the Real Property as tenants by the entirety.

7.  The Defendant and the United States subsequently reached an agreement whereby, on January 4, 2008, the Defendant delivered to the United States Attorney's Office a cashier's

check in the amount of $575,000.00 (the "Currency"), made payable to the U.S. Immigration and Customs Enforcement. The Defendant consents to the forfeiture of all of his interests in the Currency to the United States. The United States agrees that it will not undertake any civil or criminal forfeiture action against property other than the Currency, based on the crimes charged in the Indictment.

8. By virtue of the Defendant's guilty plea, based on his admissions in the plea agreement, and pursuant to the agreement of the parties, the United States is now entitled to forfeit the Currency. Accordingly, the United States now moves for entry of a Final Order of Forfeiture against the Currency. *See* Fed. R. Crim. P. 32.2(b)(1).

9. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the Final Order of Forfeiture must be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and must be included in the criminal judgment entered by the Court against the Defendant.

WHEREFORE, the parties respectfully request:

(1)  that this Court enter an Order Vacating Preliminary Order of Forfeiture and Money Judgment in the form submitted herewith;

(2)  that this Court enter a Final Order of Forfeiture against the above-described Currency in the form submitted herewith; and

(3)  that the Final Order of Forfeiture be included in the oral pronouncement at the sentencing hearing and in the criminal judgment entered by the Court.

Respectfully submitted,

| | |
|---|---|
| MICHAEL J. SULLIVAN<br>United States Attorney, | SHIH-MING SHIUE<br>By his attorney, |
| By:  /s/ Kristina E. Barclay<br>    KRISTINA E. BARCLAY<br>    Assistant U.S. Attorney<br>    United States Courthouse<br>    1 Courthouse Way, Suite 9200<br>    Boston, MA 02210<br>    (617) 748-3100 | /s/Geoffrey E. Hobart<br>GEOFFREY E. HOBART<br>Covington & Burling LLP<br>1201 Pennsylvania Avenue, NW<br>Washington, D.C. 20004<br>(202) 662-5281 |
| Date: January 22, 2008 | Date: January 22, 2008 |

```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,     )
                              )
          v.                  )   CRIMINAL NO. 05-10021-NMG
                              )
SHIH-MING SHIUE,              )
          Defendant.          )
```

**ORDER VACATING
PRELIMINARY ORDER OF FORFEITURE
AND MONEY JUDGMENT (DOCUMENT NOS. 16 AND 17)**

**GORTON, D.J.,**

The United States of America and the defendant Shih-Ming Shiue having petitioned this Court for an Order to vacate the February 13, 2006 Preliminary Order of Forfeiture (Document No. 16) and the February 13, 2006 Money Judgment (Document No. 17), it is hereby

ORDERED, ADJUDGED and DECREED that the Preliminary Order of Forfeiture and the Money Judgment, both endorsed on February 13, 2006, shall be vacated.


APPROVED AND SO ORDERED:

_____
NATHANIEL M. GORTON
United States District Judge


Date:_____, 2008

```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
                             )
          v.                 )    CRIMINAL NO. 05-10021-NMG
                             )
SHIH-MING SHIUE,             )
          Defendant.         )
```

**FINAL ORDER OF FORFEITURE**

**GORTON, D.J.**

WHEREAS, on November 20, 2003, a federal grand jury sitting in the Northern District of Illinois returned a ten-count Indictment charging defendants Shih-Ming Shiue (the "Defendant"), and I-Hwa Shiue, with Conspiracy to Commit Offense or to Defraud United States, in violation of 18 U.S.C. §§ 371 and 2 (Count One); Entry of Goods by Means of False Statements, in violation of 18 U.S.C. §§ 542 and 2 (Counts Two through Seven, Nine and Ten); and Bribery of Public Officials and Witnesses, in violation of 18 U.S.C. §§ 201(b)(1) and 2 (Count Eight);

WHEREAS, the Indictment also contained a Criminal Forfeiture Allegation, which, as a result of the Defendant committing one or more of the offenses alleged in Counts One through Seven, Nine and Ten of the Indictment, sought the forfeiture, pursuant to 18 U.S.C. § 982(a)(2)(B), of any property that constitutes, or is derived from, to proceeds obtained, directly or indirectly, from the charged offenses, specifically including, but not limited to approximately $29,000,000.00;

1

WHEREAS, the Criminal Forfeiture Allegation of the Indictment also provided that, if the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeiture of substitute property of the Defendant, under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1);

WHEREAS, on February 1, 2005, this case was transferred from the Northern District of Illinois to the District of Massachusetts on February 20, 2005;

WHEREAS, on October 28, 2005, the Defendant pleaded guilty to Counts One through Ten of the Indictment pursuant to a written plea agreement;

WHEREAS, defendant admitted in his plea agreement that $5,065,000.00 constituted, or was derived from, the proceeds of his unlawful activity, and consented to the forfeiture of $5,065,000.00;

WHEREAS, on February 13, 2006, this Court endorsed an <u>in personam</u> Money Judgment against the Defendant, in the amount of $5,065,000.00, and a Preliminary Order of Forfeiture against the

Defendant's only known asset, the real property located at 41 Fairbanks Road, Lexington, Massachusetts (the "Real Property"); and

   WHEREAS, the Defendant and the United States subsequently reached an agreement whereby, on January 4, 2008, the Defendant delivered to the United States Attorney's Office a cashier's check in the amount of $575,000.00 (the "Currency"), made payable to the U.S. Immigration and Customs Enforcement;

   WHEREAS, the Defendant consents to the forfeiture of all of his interests in the Currency to the United States; and

   WHEREAS, the United States has agreed that it will not undertake any civil or criminal forfeiture action against property other than the Currency, based on the crimes charged in the Indictment.

   ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

   1.   The Joint Motion for Final Order of Forfeiture is allowed.

   2.   The U.S. Immigration and Customs Enforcement shall take custody of the Currency, and shall dispose of it according to law and this Order.

   3.   The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's admissions in the plea agreement, that the United

States has established the requisite nexus between the Currency to be forfeited and the offenses to which the Defendant pled guilty.

4. Accordingly, the Currency is hereby forfeited to the United States of America for disposition, pursuant to the provisions of 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982.

5. Pursuant to Rule 32.2(b)(3), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

DONE AND ORDERED in Boston, Massachusetts, this ___ day of _____, 2008.

_____
NATHANIEL M. GORTON
United States District Judge